# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY D. MINNIFIELD,

      Plaintiff,                :        Case No. 3:08-cv-357

                                          District Judge Thomas M. Rose
    -vs-                                   Chief Magistrate Judge Michael R. Merz

                                          :

DEPARTMENT OF VETERANS
 AFFAIRS, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA")[1], reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact.

---

[1] Although this provision was added by the Prison Litigation Reform Act, it applies to all *in forma pauperis* cases regardless of whether the plaintiff is a prisoner or not.

*Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

The right to sue letter attached to the Complaint shows that Plaintiff exhausted the required administrative process before filing suit and that he filed suit within the time allowed by law after the right to sue letter was issued. Clearly, Plaintiff is entitled to proceed on his claim of discrimination.

A suit for discrimination in federal employment, however, may only be brought against the agency itself; the law does not recognize individual liability of particular government employees who may have participated in the decision alleged to have been discriminatory. *Wathen v. General Electric Co.,* 115 F.3d 400, 406, (6th Cir. 1997); *Briggs v. Potter*, 463 F.3d 507, 517 (6th Cir. 2006)*; Brown v. General Services Administration*, 425 U.S. 820, 96 S. Ct. 1961, 48 L. Ed. 2d 402 (1976).

Plaintiff does not identify by position the Defendant listed as "Guy Richardson," but he is not Secretary of Veterans Affairs.

Therefore, the Complaint as against "Guy Richardson" should be dismissed without prejudice as failing to state a claim upon which relief can be granted. The Clerk may, upon proper presentation, issue process for service by the United States Marshal on the Secretary of Veterans Affairs, the United States Attorney for the Southern District of Ohio, and the Attorney General of the United States.

November 26, 2008.

s/ **Michael R. Merz**  
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).