# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY D. MINNIFIELD,

    Plaintiff, : Case No. 3:08-cv-357

                                                       District Judge Thomas M. Rose
   -vs-                                     Magistrate Judge Michael R. Merz

                                               :

DEPARTMENT OF VETERANS
 AFFAIRS, et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This action is before the Court on Motion for Summary Judgment of Defendant Department of Veterans Affairs (Doc. No. 24). Although notified (Doc. No. 25) of his obligation to respond by April 12, 2010, and of the quality of evidence required to defeat a summary judgment motion, Plaintiff has not responded in any way.

As a federal employee, Plaintiff is protected against discrimination in employment by 42 U.S.C. § 2000e-16. This Court has subject matter jurisdiction over claims arising under that statute by reason of the direct grant of jurisdiction in the 1964 Civil Rights Act, because the claim is one arising under the civil rights laws (28 U.S.C. § 1343), and because the claim arises generally under federal law (28 U.S.C. § 1331).

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). "The mere possibility of a

factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys,* 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249.

> The moving party
>
>> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine

3

issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The facts set forth in this Report are admitted or established by evidence competent under Fed. R. Civ. P. 56(e) and not controverted by opposing competent evidence.

## Analysis

This action is a timely appeal of a decision by the United States Equal Employment Opportunity Commission denying Plaintiff's claim that his termination from employment at the Dayton Veterans Medical Center was the result of racial or national origin discrimination in that he is African-American. The EEOC concluded that Plaintiff was removed from his employment at the VAMC because he had engaged in a pattern of clocking in to work and then leaving before the end of his shift to work security at a nearby Kroger's grocery store, resulting in a loss to the Government of $4,215.70 over a four year period.

As a result of that conduct, Plaintiff was charged with misdemeanor theft of government funds in Case No. 3:06-cr-142. He pled guilty in that case, paid restitution of the lost funds, and successfully completed a term of probation.

Plaintiff clearly satisfies some of the elements of a prima facie case of racial discrimination: he is African-American, he was qualified for the police position he held as a captain in the VA police, and he was terminated from his position.

Plaintiff's claim, as revealed by his deposition testimony, is that he was treated more harshly than similarly-situated Veterans Administration police officers who engaged in the same conduct as he. According to Plaintiff four other officers – Duane Campbell, Jimmy Walter, Kevin Burns,

and Alexander Porter – were identified in the same investigation as having engaged in the same conduct. Campbell, Burns, and Porter are African-American while Walters is white. All of them have been removed from positions as police officers, but all of them have been permitted to return to some employment at the VA other than doing police work.

To establish a prima facie case of disparate treatment in discipline, a plaintiff must produce evidence which at a minimum establishes (1) that he was a member of a protected class and (2) that for the same or similar conduct he was treated differently than similarly-situated non-minority employees. *Mitchell v. Toledo Hospital,* 964 F.2d 577 (6th Cir. 1992); *Davis v. Monsanto Chemical Co.,* 858 F.2d 345 (6th Cir. 1988); *Long v. Ford Motor Co.*, 496 F.2d 500 (6th Cir. 1974). The plaintiff must show that the "comparables" are similarly-situated *in all respects*. *Stotts v. Memphis Fire Department*, 858 F.2d 289 (6th Cir. 1988). To be deemed "similarly situated" in a disciplinary case, the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it. *Mitchell v. Toledo Hospital 964 F.2d 577* (6th Cir. 1992); *citing Mazzella v. RCA Global Communications, Inc.,* 642 F. Supp. 1531 (S.D.N.Y. 1986), *aff'd.,* 814 F.2d 653 (2d Cir. 1987); *Lanear v. Safeway Grocery,* 843 F.2d 298 (8th Cir. 1988); *Cox v. Electronic Data Systems Corp.*, 751 F. Supp. 680 (E.D. Mich. 1990). The plaintiff need not demonstrate an exact correlation with the employee receiving more favorable treatment in order for the two to be considered similarly situated; rather, they must be similar in "all the relevant aspects." *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344 (6th Cir. 1998), citing *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796 (6th Cir. 1994).

Plaintiff has failed to establish that a similarly-situated white person was treated less harshly than himself because there was no similarly-situated white police officer. In contrast to the other

four officers found to have engaged in the same misconduct, Plaintiff was essentially the second in command at the VAMC Police Department, having supervisory responsibility over the others. Furthermore, he is the only one of the five who was convicted of a criminal offense for his conduct.[1]

Because there is no proof that a similarly-situated white person was treated less harshly than Plaintiff for the same misconduct, Plaintiff has failed to establish a prima facie case of racial discrimination. Defendant is therefore entitled to summary judgment.

It is accordingly recommended that the Court concluded there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. The Complaint should be dismissed with prejudice.

April 14, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

[1] As noted above, Plaintiff pled guilty to the theft offense. He did not allege at the time that he was selectively prosecuted on the basis of his race.